UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICIA J. CURTO,

              Plaintiff,

     v.                                                    **ORDER**

DEBRA BENDER, WENDY KUMMER, KELLY      04-CV-26S
VACCO, MICHAEL METZGER, TOWN OF BOSTON
JUSTICE COURT, TOWN OF BOSTON, BRIAN
PARKER, AMY GOLDSTEIN, FRANK CLARK,
ERIE COUNTY DISTRICT ATTORNEY'S OFFICE,
CHRISTOPHER J. BURNS, DAVID CAYWOOD
and JOHN ZITTEL,

              Defendants.

       1.      On April 12, 2005, Plaintiff filed a petition for permission, pursuant to 28 U.S.C. § 1292(b), to appeal this Court's March 28, 2005 Decision and Order dismissing certain defendants and claims from this action, and a motion to proceed *in forma pauperis* on her appeal. (Docket Nos. 71 and 72).

       2.      The March 28, 2005 Decision and Order did not direct the entry of final judgment as to the defendants and claims dismissed. FED. R. CIV. P. 54(b).

       3.      The only claims to survive dismissal at that time were Plaintiff's Age Discrimination Act and state law claims against the Boston Defendants.[1] Plaintiff, who did not allege exhaustion of administrative remedies with respect to the ADA, was directed to

---

[1] The "Boston Defendants" are Debra Bender, Wendy Kummer, Kelly Vacco, Michael Metzger, Town of Boston Justice Court and Town of Boston.

file documentation demonstrating that she exhausted her administrative remedies as to the Boston Defendants within thirty (30) days of the Decision and Order—*i.e.*, on or before April 27, 2005—or face dismissal of the ADA claim without further order of the Court. Similarly, Plaintiff was advised that if the sole remaining federal claim was dismissed, the Court would decline to exercise jurisdiction over her pendant state law claims.

4. Plaintiff did not comply with this Court's directive and her remaining claims are dismissed. As Plaintiff now has a final decision from this Court, pursuant to 28 U.S.C. § 1291, her petition seeking certification of the March 28, 2005 Decision and Order for interlocutory review is moot.

5. Rule 24(a)(1) of the Federal Rules of Appellate Procedure requires that a motion to appeal *in forma pauperis* be accompanied by an affidavit that:

(A) shows . . . the party's inability to pay or to give security for fees and costs;
(B) claims an entitlement to relief; and
(C) states the issues that the party intends to present on appeal.

6. Plaintiff's accompanying declaration sufficiently indicates that she cannot afford to pay the costs of appeal and still provide herself with the necessities of life.

7. Plaintiff's accompanying declaration does not include the statements required by FED. R. APP. P. 24(a)(1)(B) and (C). However, her contemporaneously filed petition for permission to appeal does contain a declaration setting forth the issues Plaintiff intends to appeal and arguments relative to her entitlement to relief.

IT HEREBY IS ORDERED that Plaintiff's Petition for Permission to Appeal (Docket No. 71) is DENIED as moot.

FURTHER, that Plaintiff's Motion to Proceed *In Forma Pauperis* on Appeal (Docket No. 72) is GRANTED.

SO ORDERED.

Dated:   April 28, 2005
         Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge